UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TRAVIS B. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 3:24-CV-255-TAV-DCP |
| | ) |
| UNITED STATES GOVERNMENT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil matter is before the Court on a Report and Recommendation ("R&R") issued by United States Magistrate Judge Debra C. Poplin on August 2, 2024 [Doc. 10]. In the R&R, Judge Poplin granted plaintiff's application to proceed *in forma pauperis* [Doc. 2]. Additionally, after screening the complaint, Judge Poplin recommends that the Court dismiss plaintiff's complaint for failure to state a claim on which relief can be granted and because the action appears to be frivolous. Plaintiff, proceeding *pro se* in this matter, timely filed his objections to the R&R on August 6, 2024 [Docs. 11, 12]. In addition, plaintiff has filed three supplements to his objections [Docs. 15, 18, 19], and plaintiff has filed a motion for a hearing [Doc. 22]. For the reasons that follow, plaintiff's objections [Docs. 11, 12] and supplements [Docs. 15, 18, 19] are **OVERRULED**, and the Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 10] in whole. Further, plaintiff's motion for a hearing [Doc. 22] is **DENIED as moot**.

This Court reviews *de novo* those portions of the magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive,

or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira*, 806 F.2d at 637 (internal quotation marks omitted) (citation omitted). A general objection, in contrast to a specific objection, "has the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In other words, a litigant must identify each issue in the report and recommendation to which the litigant objects with sufficient clarity such that the Court can identify it, or else that issue is deemed waived. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). Furthermore, each objection to a magistrate judge's recommendation should explain the source of the error. *Howard*, 932 F. 2d at 509.

In addition, if "objections merely restate the arguments asserted" earlier by a party, "which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived." *Modrall v. U.S. Dep't of Educ.*, No. 1:19-cv-250, 2020 WL 2732399, at *2 (E.D. Tenn. May 26, 2020) (citing *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)); *accord Thrower v. Montgomery*, 50 F. App'x 262, 264 (6th Cir. 2002) (affirming the district court's dismissal of the action

2

because in part, plaintiff presented "no new arguments beyond those already addressed by the magistrate judge").

The Court is mindful that because plaintiff is proceeding *pro se*, his pleadings should be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). But plaintiff's *pro se* status does not exempt him from the requirement of complying with relevant rules of procedural and substantive law. *See Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011).

In examining plaintiff's objections to the R&R [Docs. 11, 12] and his supplements [Docs. 15, 18, 19], the Court concludes that such objections are not proper. In his first objection [Doc. 11], plaintiff declares that "[t]his case is definitley [sic] not entitled to be dismissed" [*Id.* at 1], arguing that his complaint contains "sufficient facts to state a claim that is plausible on its face" [*Id.* at 7]. The remainder of plaintiff's objection is a reiteration of his complaint wherein plaintiff titles his assertions as "factual matter" or "facts" [*Id.* at 1–4, 6].

Specifically, plaintiff states that his father, his grandfather, and the City of Loudon police chief were leaders of the KKK [*Id.* at 3–4]. Plaintiff claims that he was "radicalized as a child" [*Id.* at 2] and has been, and is currently, afflicted by in-bodied computer-based cyberterrorism and "involuntarily involved" in white supremacy [*Id.* at 1, 4, 8]. Plaintiff alludes to being enslaved [*Id.* at 1–2, 7–8] and asserts that "he has been through severe pain [and] torture over the years" including having his pain medications

3

blocked from working [*Id.* at 2]. Based on these claims, plaintiff asserts Fourth Amendment violations, Fourteenth Amendment violations, "and many more" violations [*Id.* at 1, 7] and requests that his person be secured [*Id.* at 8]. According to plaintiff, he has "all kinds of evidence" to prove his case including a portion of a Dr. Oz show as well as other "documents[,] DVD footage[, and] facial recognition" [*Id.* at 2, 4–7].

In his second objection, plaintiff repeats himself, stating he has "pure facts" [Doc. 12, p. 1] and "direct clear [and] convincing evidence that are facts[,] not factual assertions" [*Id.* at 4] while reasserting, and even adding to, the claims in his complaint [*See id.* at 1–8]. In his supplements to his objections [Docs. 15, 18, 19], plaintiff maintains that there is "nothing delusional or frivolous about" his assertions [Doc. 18, p. 2; Doc. 19, p. 4], insisting that all of his assertions are facts that can be proven [*See* Doc. 15, pp. 1–3; Doc. 18, pp. 1–2, 4–5, 8–9; Doc. 19, pp. 3–4, 8]. Plaintiff also attaches portions of his medical records which include handwritten notes that disclaim plaintiff's schizophrenia diagnosis, declare malpractice, and point to medical readings and doctor's notes as evidence [*See* Docs. 18-1, 19-1].

Considering the entirety of the record, plaintiff's objections and supplements "merely restate the arguments asserted" in plaintiff's complaint, which were addressed by Judge Poplin, and therefore, the Court may deem plaintiff's objection as waived. *See Modrall v. U.S. Dep't of Educ.*, 2020 WL 2732399, at *2 (citing *VanDiver*, 304 F. Supp. 2d at 937). Further, plaintiff has not explained how Judge Poplin erred in finding that plaintiff's factual assertions were vague, conclusory, and appeared to be based on a

4

fantastical or delusional scenario. *See Howard*, 932 F. 2d at 509. Rather, plaintiff declares his assertions to be factual, provable, and neither frivolous nor delusion, proceeding then to reiterate such assertions at length. Plaintiff's recitation of his complaint is not a valid explanation, and his labeling of his assertions as "factual matter" or "facts" is a general objection which does not merit consideration. *See McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (concluding that the plaintiff's objections, which included an insistence of "the accuracy of his factual and legal assertions[,]" were not specific objections warranting consideration). Furthermore, despite plaintiff's assertion that all of his claims are true, they continue to fall into the realm of the fantastical or delusional. Accordingly, plaintiff's objections [Docs. 11, 12] and his supplements to these objections [Docs. 15, 18, 19] are **OVERRULED**.

After a careful review of the matter, the Court agrees with the magistrate judge's recommendation. Accordingly, the Court **ACCEPTS** and **ADOPTS** the R&R in whole [Doc. 10]. Plaintiff's complaint is **DISMISSED**, and plaintiff's motion for a hearing [Doc. 22] is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to **CLOSE** this case. A separate judgment order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE